IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JERRY LEWIS FLOWERS, | : | |
| Plaintiff, | : | |
| VS. | : | |
| Assistantt District Atty LAURA WOOD, Attorney WILLIAM FOLSOM, and Warden GLEN JOHNSON, | : | NO. 7:11-CV-102 (HL) |
| Defendants. | : | |
| | : | **O R D E R** |

*Pro se* Plaintiff **JERRY LEWIS FLOWERS**, a prisoner at Hancock State Prison ("HSP"), has filed a 42 U.S.C. § 1983 civil rights action accompanied by an application to proceed *in forma pauperis*.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). Under section 1915(b), the prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350

filing fee has been paid in full. The Clerk of Court is directed to send a copy of this order to the business manager of HSP.

## I. *STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A shall be dismissed on preliminary review).

## II. DISCUSSION

Plaintiff names as Defendants Warden Glen Johnson, Assistant District Attorney ("ADA") Laura Wood, and Plaintiff's attorney in his underlying criminal action, William Folsom. Plaintiff makes no allegations against Warden Glen Johnson.

Plaintiff's claims against ADA Wood and Attorney Folsom arise out of Plaintiff's criminal

3

trial.  According to Plaintiff, ADA Wood told Plaintiff's alibi witnesses that their testimony was not needed at trial.  Plaintiff alleges that Attorney Folsom provided ineffective counsel, including failure to properly investigate, failure to subpoena alibi witnesses and compel their testimony, failure to present a valid defense, and writing a deficient appeal brief.  Plaintiff's sole requested relief is immediate release from prison.

This section 1983 action must be dismissed because Plaintiff has only requested that he be released from prison.  He does not seek damages or other relief cognizable in a section 1983 action.  The proper vehicle for seeking immediate release from prison is a petition for writ of habeas corpus.  ***See Preiser v. Rodriguez***, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).  The Court notes that Plaintiff presently has a habeas action pending in this Court.  ***Flowers v. Johnson***, 7:11-CV-103 (HL).

Even if Plaintiff had requested damages, he would not state valid claims against any of the Defendants.  Plaintiff makes no allegations whatsoever against Warden Johnson.  As a prosecutor, Wood is absolutely immune from liability for damages.  ***Imbler v. Pachtman***, 424 U.S. 409, 427-28 (1976).  As Plaintiff's attorney, Folsom did not act under color of state law and is therefore not subject to suit under section 1983.  ***See Polk County v. Dodson***, 454 U.S. 312, 318-19 (1981) (in representing a criminal defendant, a public defender is not a state actor); ***Wahl v. McIver***, 773 F.2d 1169, 1173 (11th Cir. 1985).  ***See also Pete v. Metcalfe***, 8 F.3d 214, 216-17 (5th Cir. 1993) (private

attorneys are not liable under section 1983 for malpractice, negligence, or inaction). Although an attorney may be sued under section 1983 if he conspired with someone who did act under color of state law, Plaintiff makes no such allegation. *Wahl*, 773 F.2d at 1173. *Heck v. Humphrey*, 512 U.S. 477 (1994), would provide an additional basis for dismissal of any claim for damages.

### III.  CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

**SO ORDERED**, this 15th day of August, 2011.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr